NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0094n.06

Case No. 21-5759

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 03, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| GOODWOOD BREWING, LLC, | ) | |
|  | ) | |
|     Plaintiff-Appellant, | ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| UNITED FIRE GROUP, et al., | ) | KENTUCKY |
|  | ) | |
|     Defendants-Appellees. | ) | |
|  | ) | |

BEFORE: COLE, CLAY, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. In March 2020, the Commonwealth of Kentucky sought to combat the spread of COVID-19 by limiting the sale and consumption of food and beverages at bars and restaurants. This cost businesses like Goodwood Brewing a great deal of money. Now, Goodwood asks us to conclude that its insurance policy covers those losses. But our court has already held otherwise. And although we sympathize with Goodwood for the hardships it has faced, that holding binds us here. So we affirm.

I.

Goodwood Brewing, LLC, owns and operates two Kentucky-based establishments—a brewpub in Frankfort and a taproom in Louisville. To protect its business, Goodwood bought a commercial insurance policy from United Fire & Casualty Company. The policy provides that United Fire will pay for any "direct physical loss of or damage to" Goodwood's properties that results from a covered loss, which includes any "direct physical loss" not specifically excluded by

the policy. R. 34-1, Pg. ID 392, 413. The policy also requires United Fire to pay Goodwood for lost business income and extra expenses resulting from direct physical loss or damage to its properties (or other dependent properties) caused by a covered loss. And, finally, it requires United Fire to pay Goodwood for lost business income and extra expenses if an "action of civil authority" prevents access to Goodwood's properties because of "damage to" nearby properties caused by a covered loss. *Id.* at 432.

In March 2020, Kentucky responded to the spread of COVID-19 by issuing two related orders. The first restricted the sale of food and beverages to "carry-out, delivery and drive-thru" and prohibited "onsite consumption." R. 1-6, Pg. ID 73. The second provided supplemental rules about alcohol. Soon after, Goodwood submitted an insurance claim to United Fire alleging that these orders resulted in covered losses. United Fire denied the claim, finding that Goodwood's properties had not "sustained a direct physical loss" as required by the policy. R. 34-4, Pg. ID 658.

Goodwood then sued United Fire in federal court. Among other things, the district court concluded that the phrase "direct physical loss or damage to" requires a "tangible harm or damage to the property covered by the agreement." R. 39, Pg. ID 701 (citation omitted). And it held that Goodwood's pandemic-related losses did not qualify. It therefore granted United Fire's motion for summary judgment and dismissed Goodwood's complaint. Goodwood appealed.

II.

We review the district court's grant of summary judgment de novo. *See Gillis v. Miller*, 845 F.3d 677, 683 (6th Cir. 2017). And because this case invokes our diversity jurisdiction, we must apply the substantive law of the forum state, which the parties agree is Kentucky. *See State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 849 F.3d 328, 331 (6th Cir. 2017). In Kentucky, the interpretation of a contract is a legal question. *See Foreman v. Auto Club Prop.-Cas. Ins. Co.*, 617

S.W.3d 345, 349 (Ky. 2021). Courts read unambiguous contract terms as the "average person" would. *Id.* (citation omitted). But ambiguous terms are interpreted in line with the insured's reasonable expectations. *See id.* at 349–50.

Goodwood concedes, and we agree, that all of its claims "are dependent upon [] there having been direct physical loss under the Policy." Appellant's Br. 21. So this appeal boils down to one question: Under Kentucky law, did the presence of COVID-19 or the government shutdown orders cause a "direct physical loss"? The Kentucky Supreme Court has not defined that phrase. But in *Estes v. Cincinnati Insurance Co.*, we interpreted a similar policy under Kentucky law and held that a "physical loss" means "that a property owner has been tangibly deprived of the property or that the property has been tangibly destroyed." 23 F.4th 695, 700 (6th Cir. 2022). We then concluded that COVID-19 and Kentucky's shutdown orders caused only "intangible or economic harms." *Id.*; *cf. Brown Jug, Inc. v. Cincinnati Ins. Co.*, Nos. 21-2644, 21-2715, 21-2718, 2022 WL 538221, at *4 (6th Cir. Feb. 23, 2022) (noting that "remediation measures" taken to "reduce the threat of COVID-19" are "not tangible, physical losses, but economic losses" (citation omitted)).

Goodwood has identified nothing in its policy that would justify departing from *Estes*. It points to only one new provision. That provision (which does not apply to the Kentucky properties at issue) excludes from coverage any "loss, cost, or expense" caused by a virus, including those that result from "denial of access" to property. R. 34-1, Pg. ID 592; *see id.* at 409. In Goodwood's view, United Fire's failure to include that provision in the part of the policy relating to the Kentucky properties means that the policy must cover its virus-related losses.

We disagree. The plain text of Goodwood's policy only extends coverage when there's a direct physical loss—that is, a tangible deprivation or destruction of property. *See Estes*, 23 F.4th

at 700.[1]  And Goodwood was not tangibly deprived of its Kentucky properties.  Nor were those properties physically damaged.  COVID-19 and the government shutdown orders simply restricted the way Goodwood could use them.  *Id.*; *cf. Santo's Italian Café LLC v. Acuity Ins. Co.*, 15 F.4th 398, 402 (6th Cir. 2021) ("A loss of use simply is not the same as a physical loss.").  Thus, *Estes* controls here.  *See Bennett v. MIS Corp.*, 607 F.3d 1076, 1095 (6th Cir. 2010) (noting a panel is generally "bound by a prior panel decision" interpreting state law).  So we affirm.

---

[1] Goodwood suggests that "direct physical loss" must be interpreted broadly because "loss" in the virus provision includes "denial of access" without reference to any "physical damage or alteration."  Appellant's Br. 15–16.  But Goodwood is mistaken.  *Estes*'s definition of physical loss includes tangible deprivations of property.  *See Estes*, 23 F.4th at 700.  And there may be some circumstances (not present here) in which denials of access "might be so pervasive as effectively to qualify as a complete physical dispossession of property and thus a 'direct physical loss.'" *Brown Jug*, 2022 WL 538221, at *4 (citation omitted).